**LEININGER et al., State Highway Commission, v. ROGERS, State Examiner and Inspector.**

No. 19956. Opinion Filed Dec. 18, 1928.

Edwin Dabney, Atty. Gen., and Wm. L. Murphy, Asst. Atty. Gen., for plaintiffs.

Fred Hansen, Asst. Atty. Gen., and O. L. Patrick, for defendant.

HUNT, J. This is an original proceeding in this court by which plaintiffs, comprising the State Highway Commission, seek a writ of mandamus against defendant, John Rogers, State Examiner and Inspector, to compel him to conclude and file what is referred to as a special ·audit of the State Highway Department, as of February 10, 1927, heretofore begun but not yet completed and filed, and also to make and file an audit covering the period from February 10, 1927, to July 1, 1928, as by law provided.

It is agreed that the sole question involved in this case is the construction of chapter 108, S. L. 1927, which is as follows:

"Section 1. Section 1, chapter 113, Oklahoma Session Laws 1925, is hereby amended to read as follows:

"'Section 1. The State Examiner and Inspector shall audit the books and files of the State Highway Commission, between the 15th day of July and the 15th day of December of each year. It shall also be the duty of the State Examiner and Inspector to make a special audit at any time upon a written request of the State Highway Commission or the Governor. The Examiner and Inspector shall make his report of such audits in quadruplicate. one copy thereof to be filed with the Governor, one copy with the State Auditor, one copy with the State

Highway Commission, and shall retain one copy as a public record in his office. Such copies shall be filed in each of said departments as soon as the same is received by them. The expenses of such audits, not to exceed the sum of nine thousand ($9,000) dollars, shall be paid by the State Highway Commission out of the state highway construction and maintenance fund upon the presentation of sworn and itemized claims, which claims are duly approved by the State Examiner and Inspector."

"Section 2. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

"Approved March 25, 1927."

It is the contention of plaintiffs that under said chapter 108, supra, it becomes the duty of defendant, Rogers, to make the yearly audit provided for therein and any special audits requested by plaintiffs or the Governor, and that though numerous requests, both oral and written, have been made of defendant by plaintiffs for such audits, defendant refuses to furnish same unless these plaintiffs pay therefor on the basis of monthly salary payments to the auditors employed to do the work as the work progresses. Plaintiffs contend that they are not authorized by law to pay for same on such basis, but can only pay for such audit work upon completion and delivery of the audit, and are ready, able, and willing to use the appropriation authorized by said chapter 108, supra, or so much thereof as may be necessary to pay for such audits on completion of work basis; whereas, it is contended by defendant that the statute authorizes the work to be done on the monthly salary basis, and that he is ready and willing to proceed with the work, provided same is paid for on that basis. It seems, therefore, that this controversy has arisen solely over the method or manner to be employed in paying for the audits authorized by chapter 108, supra. No authorities are cited, but only the statutes pertaining to the State Examiner and Inspector and the Highway Commission are called to our attention, and it is agreed by both parties that the amount specifically provided for therein is ample to cover the necessary expenses incident to making said audits.

Said chapter 108, supra, contains the emergency clause and became effective on March 25, 1927, and it is admitted that defendant immediately began work on the so-called special audit of the books and records of the Highway Commission as of February 10, 1927, and submitted claims on the monthly salary basis for the auditors employed in the work and that such claims were duly approved and allowed by the Highway Commission, and payment thereof made, beginning April 12, 1927, and that the work and the payment thereof on the monthly salary basis continued from that date up to January 23, 1928, at which time a total of $8,995.45 had been thus paid out. It further appears that plaintiffs refused at this time to make any further payments on this basis, and though the said special audit had been completed, except the compiling and typing thereof, upon plaintiffs' refusal to continue to make monthly payments as aforesaid, defendant discontinued work on said audit, and same has not yet been completed and filed.

It further appears, however, from the response of said defendant filed herein that in order to expedite the completion of said audit defendant is now having the typing and compiling of same done by the regular employees of his office and will deliver same to the Highway Commission within 60 days from November 26, 1928, same being the date said response was filed herein, and plaintiffs agree that even if the writ herein prayed for should issue, said defendant would be entitled to a reasonable time within which to complete and file said audit, and we think 60 days from said date a reasonable time within which to complete and deliver said special audit to plaintiffs herein.

We have carefully examined the application filed herein by plaintiffs for writ of mandamus, together with the briefs in support thereof, and it is readily apparent that the contention now made by plaintiffs is exactly contrary to their construction of the provisions of chapter 108, supra, during the period from April 12, 1927, to January 23, 1928. No contention is made in this action that the claims filed, approved, and paid for this work up to that time were exorbitant or excessive or that the work was not prosecuted with diligence and dispatch, and no reason is given by plaintiffs for their refusal to pay further expenses in compiling and typing said audit, other than they had been advised by the Attorney General that they were not authorized under the law to pay for the audit or for the expense incurred in making same until it had been completed and delivered to them. If this were true, it would be necessary for the State Examiner and Inspector in making the audits authorized by said chapter 108 to use the regular salaried employees of his office, no other method being provided.

Chapter 27, S. L. 1927, being General Departmental Appropriation Bill, carried an item of $20,000 per annum for the salary of ten deputy Examiners and Inspectors, each of same having an annual salary of $2,000. Section 83, C. O. S. 1921, defines in general the duties and powers of the State Examiner and Inspector; also section 86, C. O. S. 1921, confers upon him certain powers in connection with the performance of his duties as prescribed in section 83, supra. When construed in connection with the above-cited provisions of the statute, and under the rule announced in the authorities cited by plaintiffs on construction of statutes, we are forced to the conclusion that chapter 108, supra, does not contemplate the use by the State Examiner and Inspector of the regular salaried employees of his office in making the audits therein provided for, and authorizes the appropriation therein set out to provide for the employment of such additional auditors as may be necessary to do said work.

This act clearly makes it the duty of the State Examiner and Inspector to make the audits as requested, and likewise the duty of the State Highway Commission to pay for same upon the presentation of sworn itemized claims; such expenses, however, not to exceed the sum of $9,000. Defendant in his response also insists that the sum appropriated was sufficient to pay all expenses of the audit for the period from February 10, 1927, to June 30, 1928, but that he has not made said audit or even started the same for the reason that plaintiffs herein had stated that they would refuse to pay the expenses of said audit on the monthly salary basis and would only pay for same upon the basis of the completion of the work and delivery to them of the completed audit. It is admitted that in taking this position plaintiffs acted on the advice of the Attorney General of this state on his construction of the statutes here in question, and plaintiffs were entirely justified in doing so; but, construing said chapter 108, supra, in connection with the other provisions of our statute pertaining to the office of the State Examiner and Inspector, and chapter 48, S. L. 1923-24, pertaining to the State Highway Department, we must conclude that the State Examiner and Inspector is entitled to be paid for this work on the monthly salary basis rather than on the completion of work basis, and that the construction that seems to have been placed on chapter 108, supra, by both the plaintiffs and defendant herein, from March 25, 1927, to January 23, 1928, was

clearly correct, and should be followed, and if followed, and the work authorized by chapter 108, supra, done economically and expeditiously in the manner provided by law, the audit for the period from February 10, 1927, to July 1, 1928, can yet be completed within this fiscal year and paid for out of the appropriation of $9,000 available for that purpose, and out of which, plaintiffs state in their brief, they are ready to pay for said audit and which defendant admits is amply sufficient to pay all the expenses of same; so, under this procedure, the Highway Commission will have the audit authorized and provided for by chapter 108, supra, and the State Examiner and Inspector will have been paid for same out of the funds provided for that purpose. If these things are done, and we have the solemn declaration of both plaintiffs and defendant that they will be done, there will be no occasion for any controversy or difficulty between these two state departments, and the purposes of the act will have been met.

It is urged by defendant that plaintiffs should be directed to pay for the typing and compiling of said special audit now about ready for delivery, under the admitted facts herein, out of the appropriations provided for in said chapter 108, but, in our judgment, under the facts and circumstances disclosed by the pleadings filed here, we are without authority to make such direction, and must therefore decline to do so.

The application for the extraordinary writ of mandamus is denied.

BRANSON, C. J., MASON, V. C. J., and PHELPS, and RILEY, JJ., concur.

HARRISON and HEFNER, JJ., concur in conclusion.

LESTER, J., absent.